```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT BLUEFIELD
```

UNITED STATES OF AMERICA

v.                                  CRIMINAL NO. 1:21-00236

KENNETH OWENS

## MEMORANDUM OPINION AND ORDER

Three motions in limine are pending before the court: (1) defendant's motion to exclude evidence of other bad acts (ECF No. 46) (together with defendant's supplemental motion to exclude evidence of other bad acts (ECF No. 57)); the United States' motion to exclude evidence of potential penalties (ECF No. 53); and the United States' motion to preclude references to Rule 412-barred evidence, undisclosed defense exhibits, defendant's criminal history (or lack thereof), and consent (ECF No. 62). The specific rulings on the motions in limine are set forth below, along with the court's reasoning. Also pending is the United States' motion, made at the recent pretrial hearing, for an order that all photos of the alleged minor victim that are admitted into evidence at trial be admitted under seal. The court will grant that motion.

I.  **Legal Standards**

    a. **Federal Rule of Evidence 404(b)**

Although "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," it "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b).

Rule 404(b) applies only to extrinsic evidence, which is evidence that is "separate from or unrelated to the charged offense." United States v. Brizuela, 962 F.3d 784, 793 (4th Cir. 2020).  By contrast, evidence is intrinsic if it arises from the same "series of transactions as the charged offense" or is "necessary to complete the story of the crime on trial." See id at 793-94.  Evidence of uncharged bad acts does not "complete the story," however, unless the evidence is "probative of an integral component of the crime on trial or provide[s] information without which the factfinder would have an incomplete or inaccurate view of other evidence or of the story of the crime itself." Id. at 795.

Similarly, evidence is intrinsic if it is necessary to "provide context relevant to the criminal charges." United States v. Basham, 561 F.3d 302, 326 (4th Cir. 2009) (quoting

2

United States v. Cooper, 482 F.3d 658, 663 (4th Cir.2007)).  A key word is "necessary."  Before admitting evidence of uncharged bad acts as necessary to complete the story of the crime, district courts must take "a hard look to ensure that there is a clear link or nexus between the evidence and the story of the charged offense, and that the purpose for which the evidence is offered is actually essential."  Brizuela, 962 F.3d at 795. "Otherwise, the 'complete the story' doctrine might be used to disguise the type of propensity evidence that Rule 404(b) is meant to exclude."  Id.  Evidence of uncharged conduct may also be considered intrinsic if it is "inextricably intertwined" with charged conduct.  Id. at 794 n.7.

Extrinsic evidence of other crimes or bad acts is admissible in certain circumstances.  The list of permissible purposes in Rule 404(b)(2) ("motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident") is non-exhaustive, and the Rule is not meant to sweep under the rug evidence that has appreciable value beyond proving "only criminal disposition."  See Basham, 561 F.3d at 326.  Nevertheless, to ensure mere propensity evidence does not sneak in, extrinsic evidence of a defendant's other crimes or bad acts must meet a four-prong test to be admissible:

> First, the evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant.

3

> Second, the act must be necessary in the sense that it is probative of an essential claim or an element of the offense. Third, the evidence must be reliable. And fourth, the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process.

Brizuela, 962 F.3d at 798.

### b. Federal Rule of Evidence 403

Rule 403 provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 403.

### c. Federal Rule of Evidence 412

Subject to certain exceptions, "evidence offered to prove that an alleged victim engaged in other sexual behavior" or "evidence offered to prove an alleged victim's sexual predisposition" "is not admissible in a civil or criminal proceeding involving alleged sexual misconduct." Fed. R. Evid. 412.

## II. Analysis

### Defendant's Motions (ECF Nos. 46 and 57)

Upon review of each of the instances of alleged other bad acts, the court finds that each is intrinsic and, even if not, permissible under Rule 404(b)(2). The court also concludes

4

that, at this juncture, Rule 403 does not stand in the way of admissibility.  That said, defendant's arguments in his briefing and at the pretrial conference regarding the potentially cumulative nature of this evidence are well taken.  As the evidence becomes cumulative, its probative value will decrease and may become significantly outweighed by the risks that the jury will use it as propensity evidence or that the issues will become confused.  Thus, the denial of defendant's motion is without prejudice to defendant's right to renew his arguments if, in the context of trial, it appears cumulative.

   1. **Evidence of Alleged Bartering with Cigarettes, Electronic Cigarettes ("Vapes"), and Alcohol**

The government intends to introduce evidence that defendant supplied the alleged victim with cigarettes, electronic cigarettes ("vapes"), and alcohol in exchange for photographs, or at least that he used these items to exert pressure on her. "[A]cts that are a part of, or 'intrinsic to, the alleged crime do not fall under Rule 404(b)'s limitations on admissible evidence.'"  Brizuela, 962 F.3d at 793 (quoting United States v. Bush, 944 F.3d 189, 195 (4th Cir. 2019)).  Uncharged conduct is intrinsic when it arises from the same "series of transactions as the charged offense" or is "necessary to complete the story of the crime on trial."  Id. at 793-94.

Defendant's motion does not appear to reach this evidence. Regardless, the court determines that it is intrinsic because it is alleged to be the method whereby defendant allegedly enticed the minor to engage in illegal sexual activity. To the extent defendant's motion may be construed to challenge this evidence, the court will deny it.[1]

**2. Groping**

The government seeks to introduce evidence, through the alleged minor victim's testimony, of a single instance during the timeframe alleged in the indictment where the defendant allegedly groped her buttocks during a hug. Defendant argues that this other bad act is extrinsic and is inadmissible under Rule 404(b) or Rule 403.

Because the violation of 18 U.S.C. § 2242 is not alleged to have occurred "within the special maritime and territorial jurisdiction of the United States," it is alleged to have taken place by remote communication. Thus, the alleged crime itself would initially appear to have little to do with the alleged in-person groping incident directly. On the other hand, defendant's intent to entice the alleged minor victim is integral to the crime and will presumably be in dispute. The

---

[1] Defendant maintains that he has a right to point out how the conversations regarding the cigarettes, vapes, and alcohol began. The court will take up that issue below.

6

jury will be asked to interpret written communications, and the government will argue for an interpretation of those communications that renders the intent element fulfilled. Defendant will presumably argue for a different interpretation.

While the government may not need the groping incident to convince the jury, it seems that the jury is entitled to this evidence (whatever weight, if any, it may deserve), as informative of the context in which the online conversations at issue occurred.  In other words, a defendant's allegedly having groped a victim cannot be used to show that those who grope are more likely to entice.  But the purpose here appears different: to provide necessary context for the language that the jury must interpret.  Accordingly, this evidence is intrinsic.

In another prosecution under 18 U.S.C. § 2422(b), the district court concluded that Rule 404(b) did not bar the admission of multiple other bad acts, including the defendant's possession of child pornography, because they went to intent. The court explained,

> Whether or not the Defendant is sexually attracted to children, though not necessarily dispositive, is relevant to the broader question of whether, based on all of the evidence presented to the jury, the Defendant intended to entice or coerce the fictitious minors to engage in illicit sexual activity.  In fact, at least five Circuits have found the relevance of evidence of a defendant's sexual attraction to children in section 2422(b) prosecutions to be so obvious as to not warrant discussion.  The Defendant may ultimately convince the jury that despite evidence

7

>indicating a sexual attraction to children, he did not intend to entice the minors in question. That is a factual question for the jury to consider, not a question of admissibility of the Government's proposed evidence. With the threshold relevance of this general type of evidence established, the Court will turn to the specific evidence the Government seeks to admit.

United States v. Hite, 916 F. Supp. 2d 110, 117 (D.D.C. 2013) (citations omitted).

So too here, the groping incident presumably has appreciable probative value in making it more likely that defendant intended to entice the alleged minor victim. What is more, the family-member dynamic here potentially presents an additional hurdle that the government must clear with the jury in that family members are not ordinarily motivated to seek the kinds of material at issue from one another. This gives the incident more probative value as tending to show motive to entice a family member.

Even if extrinsic, the groping evidence is permissible under Rule 404(b). It goes to intent, and it is necessary for the jury to interpret other, more direct evidence of intent in context. Although cross-examination will determine its weight, it clears the low bar for reliability in this context. See United States v. Siegel, 536 F.3d 306, 319 (4th Cir. 2008) ("Evidence is reliable for purposes of Rule 404(b) 'unless it is so preposterous that it could not be believed by a rational and

8

properly instructed juror.'") (quoting <u>United States v. Aramony</u>, 88 F.3d 1369, 1378 (4th Cir. 1996)). Finally, the alleged groping not the kind of incident that is at all likely to create a genuine risk of inciting the jury to irrational behavior. See <u>United States v. Byers</u>, 649 F.3d 197, 210 (4th Cir. 2011). That said, the probative value will be low if there is significant other evidence to establish motive and intent. Upon defendant's objection, the court may need to revisit the issue of unfair prejudice versus probative value in the context of trial.

### 3. Underwear

The government plans to present evidence that defendant gave the alleged minor victim a pair of underwear as a gift and asked her to photograph herself modeling the underwear. The government says that this is evidence of defendant's motive, intent, and opportunity, and that it reveals defendant's sexualized conceptualization of the alleged minor victim; it is evidence of defendant's "ongoing quest to obtain sexual photos" of her. (ECF No. 44, at 8.) Defendant argues that the evidence is unnecessary, irrelevant, and unreliable. Defendant notes that the underwear in question never appears in the photos that the alleged minor victim sent him. Defendant further argues that Rule 403 is an alternative basis for exclusion.

The court finds that the analysis for this evidence is similar to the evidence of groping. Without it, the jury has an

9

incomplete context for interpreting the other communications requesting photos and determining what defendant's intent was. Comments made over the Internet are sometimes not understood to be as serious as those made in person. The alleged in-person request for photos of the alleged minor victim in underwear may bear on the interpretation of the online requests—how seriously they should be taken. Thus, the jury seems entitled to this evidence if it is to get the full story.

Even if the evidence is not necessary for the full story, it would be permissible under Rule 404(b) as going to the defendant's intent, as explained above.

### 4. Other Alcohol

The government seeks to introduce evidence that, from time to time during the timeframe alleged in the indictment, defendant would take the alleged minor victim to a gas station, provide her with alcohol, and encourage her to drink it. The government says that this evidence is necessary to allow the jury the full story and to show how defendant sought to influence the alleged minor victim. Defendant again argues that this evidence should be excluded under Rules 404(b) and 403. Defendant says that these incidents have nothing to do with the attempted enticement because it is not alleged that defendant solicited explicit photos from the alleged minor victim on these occasions. This evidence, says defendant, would invite the jury

10

to convict him for culpable conduct not alleged in the indictment.

This evidence is again necessary to complete the story of the crime. The government alleges that the defendant used alcohol to barter for sexually explicit images from the alleged minor victim. The evidence adds necessary context to the message exchanges that the jury will be asked to interpret. It provides background to the minor's requests for alcohol. The instances also may suggest that defendant created a demand for alcohol, which he then sought to exploit. Defendant is accused of persuading, inducing, enticing, or coercing a minor. This evidence may help answer whether defendant induced or coerced her.

Additionally, this is potential evidence of grooming behavior. Although a narrow understanding of grooming behavior involves "expos[ing] a child to sexual material," it can also include the development of a special relationship designed to reduce a minor's inhibitions. See United States v. Kokayi, No. 1:18-CR-410 (LMB), 2019 WL 2028517, at *4 (E.D. Va. May 8, 2019). In Kokayi, the district court's made a finding after a bench trial in a § 2242(b) prosecution that,

> [w]hen [the defendant] told [the victim] about his troubled relationship with his father and that "not too many people know like, unless they're like super close, like friends or like family," he was developing a special relationship with her to break down any

11

>inhibitions [the victim] may have had towards engaging in sexual activity with him.

Id. at *4. The court further found that "[i]n telling [the victim] about his troubled past and letting her know that she is one of the few people to know such intimate details about his life, [the defendant] was engaging in classic sexual grooming behavior by testing [the victim's] ability to maintain secrecy and developing secure intimate bonds with her." Id. at *5.

Somewhat similarly here, taking a minor out to drink liquor can reasonably be interpreted as an attempt to establish an emotional bond or otherwise pave the way for later requests to engage in intimate conduct.

### a. The Government's Motions

One of the government's motions appears to be moot, and will be denied as such. The court will deny the other, to the extent it is not moot.

### 1. Evidence of Potential Penalties (ECF No. 53)

From discussion at the pretrial conference, it is the court's understanding that defendant does not seek to bring to the jury's attention potential penalties by argument or evidence. Accordingly, the court will deny this motion as moot.

**2. Statements, Questions, Arguments, and Evidence about (1) Rule 412-Barred Evidence, (2) Undisclosed Defense Exhibits, (3) Minimal Criminal History, and (4) Consent**

The court's understanding is that items 1-3 of this motion were resolved by agreement of counsel. As to those items, the court will deny the motion as moot.

Concerning the fourth item, consent, the government argues that arguments or evidence about the alleged minor victim's willful participation or cooperation in the criminal conduct at issue is irrelevant because consent is not a defense. The government further argues that this line of inquiry would confuse the issues by wrongly focusing attention on the potential culpability of the alleged minor victim, who is not on trial. Defendant argues this motion seeks to cut him off from acknowledging basic underlying facts that are part of the story of this case. Further, defendant says that he is not trying to make a "consent" defense, but rather trying to explain his conduct.

Although it is true that consent is not a defense, defendant is entitled to tell the jury his version of events and attempt to explain his involvement in them. The court will not cut off this line of inquiry at this time. If counsel for the government believes that this line of inquiry devolves into a separate trial for the alleged minor victim's conduct, an objection would be appropriate.

### III. Motion to Seal Photographic Exhibits

To alleviate the need for a motion to seal each time a photograph of the alleged minor victim is moved into evidence, counsel moved at the pretrial hearing for an order that all such photographic exhibits be ordered filed under seal. That motion is **GRANTED**.

### IV. Conclusion

For the reasons expressed above, defendant's motion in limine to exclude evidence of other bad acts (ECF No. 46) is **DENIED**, and the government's motions in limine are **DENIED** as moot (ECF No. 53) and **DENIED** in part and **DENIED** in part as moot (ECF No. 62). Finally, the motion regarding submitting photographs under seal is **GRANTED**.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED** this 6th day of April, 2022.

ENTER:

David A. Faber
Senior United States District Judge