IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

UNITED STATES OF AMERICA

v.                             CRIMINAL NO. 1:21-00236

KENNETH OWENS

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendant's oral motion for a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure. The court previously reserved a ruling on this motion. For the reasons that follow, the court will deny the motion.

**I. Background**

The single-count indictment charged defendant with attempted enticement of a minor, in violation of 18 U.S.C. § 2422(b). The case was tried to a jury on April 6 and 7, 2022. After the government rested, defendant moved for a judgment of acquittal under Rule 29, arguing that the evidence presented was insufficient as a matter of law to allow a jury to find beyond a reasonable doubt that he had committed each element of the crime charged. After hearing the arguments of counsel, the court reserved a decision on the motion. Thereafter, the jury returned a verdict of guilty.

## II. Legal Standard

In evaluating a defendant's motion for judgment of acquittal under Rule 29, the court must view the evidence in the light most favorable to the government to determine if any rational trier of fact could have found the defendant guilty of the essential elements of the crime beyond a reasonable doubt. See United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997). "Viewing the evidence in the light most favorable to the government, the court must uphold the jury's verdict if it is supported by substantial evidence. United States v. Phillips, 809 F. App'x 144, 146 (4th Cir.), cert. denied, 141 S. Ct. 829 (2020). "'[S]ubstantial evidence,' in the context of a criminal action, [is] that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Newsome, 322 F.3d 328, 333 (4th Cir. 2003) (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996)).

In reviewing the sufficiency of the evidence, the court does not weigh the evidence or assess the credibility of witnesses. United States v. Arrington, 719 F.2d 701, 704 (4th Cir. 1983). Those are jury functions. See United States v. Murphy, 35 F.3d 143, 148 (4th Cir. 1994). The court "must assume that the jury resolved all contradictions in testimony in favor of the Government." United States v. United Med. &

2

Surgical Supply Corp., 989 F.2d 1390, 1402 (4th Cir. 1993). Furthermore, "if the evidence supports different, reasonable interpretations, the jury decides which interpretation to believe." Murphy, 35 F.3d at 148.

The court "may not overturn a substantially supported verdict merely because it finds the verdict unpalatable or determines that another, reasonable verdict would be preferable." See United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996). There must be a clear failure of the prosecution. See United States v. Ashley, 606 F.3d 135, 138 (4th Cir. 2010). "A Rule 29 motion calls on the court to distinguish between reasonable inferences and speculation." United States v. Jones, 713 F.3d 336, 340 (7th Cir. 2013).

### III. Crime Charged and Jury Instructions

Defendant was charged in a single-count indictment with attempted enticement of a minor, in violation of 18 U.S.C. § 2422(b), which provides:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

3

The Fourth Circuit has distinguished this statute from other related ones by explaining that it "was designed to protect children from the act of solicitation itself" and that it "criminalizes an intentional attempt to achieve a *mental state*—a minor's assent—regardless of the accused's intentions concerning the actual consummation of sexual activities with the minor." See United States v. Fugit, 703 F.3d 248, 255 (4th Cir. 2012) (emphasis in original).

To violate this statute, the attempt at issue must be to get the minor to agree to engage in activity that is both sexual and illegal for any person. See id. An attempt to solicit a minor's participation in conduct that is either not "sexual activity" or not illegal for any person to engage in is not proscribed by this statute. See id. Moreover, "conduct that is innocuous, ambiguous, or merely flirtatious is not criminal and thus not subject to prosecution under § 2422(b)." Id.

The Fourth Circuit has described the basic elements of this crime as "(1) use of a facility of interstate commerce; (2) to knowingly persuade, induce, entice, or coerce; (3) a person who is younger than eighteen; (4) to engage in an illegal sexual activity." Id. at 254. Because the charge here was attempted enticement, and because the underlying alleged sexual activity was production of child pornography, the court instructed the

jury that the government was required to prove the following six elements:

    First:    That the defendant intended to persuade, induce, entice, or coerce;

    Second:    Another person who had not attained the age of 18 years;

    Third:    To engage in any sexual activity for which any person could be charged with a criminal offense;

    Fourth:    That the defendant committed an act constituting a substantial step toward persuading, inducing, enticing, or coercing Minor Female 1 to engage in the production of child pornography strongly corroborating his intent;

    Fifth:    That in doing so, the defendant used any facility or means of interstate or foreign commerce; and

    Sixth:    That the defendant acted knowingly.

The court further instructed the jury that "sexual activity for which any person could be charged with a criminal offense" includes attempted production of child pornography under federal law. See 18 U.S.C. § 2427 ("In this chapter, the term 'sexual activity for which any person can be charged with a criminal offense' includes the production of child pornography, as defined in section 2256(8).").

The government asked the court to take judicial notice of the its contention that three violations of West Virginia law also count as predicate illegal sexual activity under 18 U.S.C.

5

§ 2422(b): (1) attempted production of child pornography; (2) attempted production or possession of child erotica; and (3) attempted solicitation of a minor using a computer. The court declined to do so.

The court further rejected the government's proposed jury instructions casting violations of these state statutes as sexual activity for which any person can be charged with a criminal offense. As to state-law child pornography, including this as a predicate would have been duplicative of the instruction concerning federal-law child pornography and confusing to the jury.

As to child erotica, the possession thereof is plainly not sexual activity. There is a more colorable argument that production of child erotica is sexual activity, but this argument fails too. In adopting § 2427, Congress clarified that production of child pornography, as defined under federal law (the creation of a visual depiction of a minor engaged in sexually explicit conduct), is sexual activity under § 2422(b).

The clarification was necessary because the act of creating a visual depiction is not regarded as sexually activity in common parlance. Congress was specific: "[T]he term 'sexual activity for which any person can be charged with a criminal offense' includes the production of child pornography, as defined in section 2256(8). 18 U.S.C. § 2427 (emphasis added).

6

While it is true that "includes" does not <u>expressly</u> exclude the production of child pornography under state law or the production of something less egregious than child pornography, such as child erotica, the inclusion of one thing implies the exclusion of others.  In sum, it appears very unlikely that Congress intended to include the production of child erotica as illegal sexual activity under § 2422(b).

As to solicitation under state law, the government's theory would appear to be that defendant violated § 2422(b) by enticing a minor to engage in the solicitation of a minor.  This theory does not make sense, and the court could locate no binding or persuasive case law holding that solicitation of a minor under state law is illegal sexual activity under § 2422(b).  The act of solicitation itself appears to be plainly outside the definition of sexual activity.

### IV. Analysis

Defendant's Rule 29 motion focused on the third element listed above.  He essentially argued that whatever defendant wanted the minor to agree to do, there was insufficient evidence that he wanted to gain her assent to engage in the production of <u>child pornography</u>.  Defendant acknowledged the evidence that he asked for images of the minor scantily clad, but he argued that this was not enough.

In other words, defendant argued that there was no "smoking gun" where defendant expressly requested an image that would meet the federal definition of child pornography, nor did he receive such an image. Furthermore, defendant pointed to evidence that there was apparently no child pornography discovered on his phone when he voluntarily handed it over to the state police.

In response, the government argued that whether the minor actually produced photos constituting child pornography is not a dispositive or even very important question. The government contended that the relevant question is what the defendant tried to get the minor to do.

The government cited the extensive series of written requests that defendant made of the minor to take and send him intimate photos of herself (which included coaching), and defendant's commentary on the photographic fulfillments of his requests. The government argued that the requests could reasonably be interpreted as requests for the minor to photograph herself lasciviously exhibiting her genitals.

The court agrees that although there may not be a smoking gun here, defendant's text messages with the minor allow for the reasonable inference that he intended to gain her mental assent to photograph herself lasciviously exhibiting her anus,

genitals, or pubic area. The following is merely a sampling of defendant's written communications with the minor:

> DEFENDANT: Few more pics like that and I promise ill be there by 2
>
> MINOR: don't have anymore.
>
> DEFENDANT: Just take a few on your phone
>
> MINOR: cant i'm already in bed
>
> DEFENDANT: That's a good place just turn and snap a few then ill leave you alone lol
>
> MINOR: i can't i'm to comfortable to move
>
> DEFENDANT: Please ill let you go to sleep after that[1]

(ECF No. 74-2, at 17.)

> MINOR: [redacted photo sent]
>
> DEFENDANT: Yum yum just little more
>
> MINOR: [redacted photo sent]
>
> DEFENDANT: Oh yeah front to

(ECF No. 74-3, at 16.)

> MINOR: i need another vape or 2
>
> DEFENDANT: Ok, i need some really hot pics sometime tonight there sweet cheeks.

(ECF No. 74-3, at 3.)

> DEFENDANT: Can't drive over there for nothing done that twice already .. But you can take 5 minutes to go to the bathroom for some very good pics and ill make a trip.

(ECF No. 74-3, at 4.)

---

[1] This message is timestamped well after 1:00 a.m.

9

>DEFENDANT: About one nice ass shot and we be even and im here getting stuff now ill text you when in Pineville

(ECF No. 74-3, at 7.)

>DEFENDANT: Very nice girl, can you do a few showing bottom parts tonight when you get a good buzz on then you be one up on me

(ECF No. 74-4, at 16.)

The extensive written communications between defendant and the minor, including the photos that she sent him, were sufficient evidence for the jury to conclude, beyond a reasonable doubt, that defendant intended to persuade, induce, entice, or coerce the minor to produce visual depictions of herself engaged in sexually explicit conduct. The jury could reasonably conclude that the escalating pattern of requests, coaching, encouragement, and bargaining were calculated to secure the minor's assent to produce such images of herself. In a recorded interview with a state police lieutenant, defendant maintained that he was not after full nudity, but the jury was entitled not to believe him.

The jury received not just the extensive written communications but also the additional context provided by evidence of certain interpersonal interactions between defendant and the minor. These included defendant taking the minor to a gas station to drink liquor, groping the minor's buttocks on one

occasion, and giving the minor a pair of underwear as a gift. There was also the evidence of the long distances that defendant was willing to drive to deliver vapes and alcohol to the minor in exchange for the photos, and of defendant's repeated reminders to the minor that the photos she sent him should sufficiently reward him for the lengths to which he went.

In sum, while the jury could have reasonably doubted that defendant sought to obtain the minor's assent to produce child pornography, defendant has failed to meet his burden under Rule 29 of showing that the evidence was insufficient to sustain a conviction under 18 U.S.C. § 2422(b). It is readily apparent that the verdict rests on reasonable inferences, not on mere speculation.

## V. Conclusion

For the reasons expressed above, defendant's oral motion for a judgment of acquittal under Rule 29 is **DENIED**.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED** this 21st day of July, 2022.

ENTER:

David A. Faber
Senior U.S. District Judge